Shauck, J.
The indictment charges that the defendant wilfully and corruptly swore falsely upon a material matter in -the giving of oral testimony before a judge, of the common pleas court, sitting in chambers, upon the hear *4 ing of a motion to dissolve an injunction. The judgment of the circuit court is said to be right because oral testimony is incompetent upon a hearing of that character. If such testimony is incompetent it may be admitted that the indictment does not charge a crime under the laws of this state. But why is it incompetent? The reliance of defendant’s counsel is upon a construction of the provisions of the statute relating to the granting and vacating of injunctions. Those provisions are contained in sections 5573, 5583, 5584 and 5585 of the Revised Statutes. In the first of these sections it is provided that the courts named, or the judges thereof, may grant injunctions “upon its appearing satisfactorily to the court or judge by affidavit of the plaintiff or his agent that such plaintiff is entitled thereto.” Although an affidavit is the necessary predicate of the application for an injunction, the court or judge is not required to either grant or finally refuse the injunction upon the probative effect of such affidavit, for it is provided in section 5583 that “on the hearing of and application for an injunction each party may read affidavits, and all affidavits shall be filed.” The provisions with respect to the evidence to be offered on a motion to vacate or dissolve an injunction are ■ in section 5584: “When an injunction has been granted a party may at any time before the trial apply to the court in which the action is pending, or a judge thereof, to vacate or modify the same, * * * and the application may be made upon the petition and affidavits upon which the injunction was granted, or upon affidavits on the part of the party enjoined with or without answer.” Section 5585 provides: “When the application is made upon affidavits on the part of the defendant, but not otherwise, the plaintiff may op *5 pose the same by affidavits, or other evidence, in addition to the evidence on which the injunction was granted.” It is admitted that the rules of evidence are the same whether the hearing is in court or before a judge in chambers; and that admission is required by the plain provisions, of the statute. When the parties appear before the court or judge, whether upon an application to grant or to vacate an injunction, to contest the allegations of fact involved, they may, under favor of these provisions, present their evidence by affidavits; but the natural meaning of the language by which the use of affidavits is authorized is permissive only. Counsel for the defendant, however, insist that in these provisions of the statute “may” should be read “shall.”' The cases in which it is held that these words should be regarded as convertible are numerous, and they contain much learning. The sum of it, however^ is that the natural meaning of these words is not always conclusive as to the construction of statutes in which they are employed, and that one should be regarded as having the usual meaning of the other when that is required to give effect to other language of the statute or to carry out the purpose of the legislature as that purpose may appear from a general view of the statute under construction. But no such requirement appears here. These provisions of the statute regulate the presentation of evidence upon controverted questions of fact. The legislature had the common knowledge that the general and most satisfactory mode of presenting evidence, not documentary, is by the testimony of witnesses who appear in court so that an opportunity is afforded for cross-examination, and some helpful inferences may be drawn from the appearance and manner of the witness; that a less sat *6 isfactory mode of presenting the testimony of witnesses is by deposition where there is opportunity for cross-examination, although the witnesses do not appear in court, and that the least satisfactory mode of presenting such testimony is by affidavit where there is neither the appearances of the witnesses nor an opportunity for cross-examination. These less satisfactory methods of presenting evidence are specially provided for to meet considerations of convenience or necessity. While the legislature may have required affidavits as the predicate of actions to present evidence which shall enter upon the record, and may have permitted their use upon hearings of this character in view of exigencies which may require immediate judicial action, it is not to be presumed that there was an intention to compel a resort to the least satisfactory and reliable of all modes of presenting evidence. A purpose to deny a resort to the most satisfactory mode should not be imputed to the general assembly in the absence of provisions indicating it with reasonable clearness. Certainly the natural meaning of words should not be changed to create opportunity for such an inference. We think the circuit court erred in reversing the judgment of the court of common pleas.
Counsel for the defendant further contends that the judgment of the circuit court, holding the indictment for naught and discharging the defendant from custody, is conclusive of the present case, and that, although we may be of the opinion that the circuit court erred in reversing the judgment of the court of common pleas, we are without jurisdiction to reverse the judgment of reversal and to affirm that of the court of common pleas. To support this contention he refers to section 7308, Revised Statutes, and to thé *7 long established practice with reference to this particular subject. The section referred to and the three sections immediately preceding it are a part of the code of criminal procedure enacted May 6, 1869. They provide for the taking of a bill of exceptions by the prosecuting attorney in the trial court, for the presentation of such bill to this court and for the allowance of the filing of such .bill in this court if it is of the opinion that the question presented should be decided, and conclude with the section cited which provides that “the judgment Of the court in which the case was taken shall not be reversed nor in any manner affected; but the decision of the Supreme Court shall determine the law to.-govern in any similar case.” Since the circuit court is not the trial court in criminal cases, and since it is without jurisdiction to consider any exceptions which the prosecuting attorney may take in the trial court, the statute can have no reference to its judgments. If the verdict and judgment in the trial court are in favor of the state the prosecuting attorney would not desire a judgment of reversal. If the verdict is in favor of the accused the judgment of the trial court must follow it, and the section quoted regards the provision of the tenth section of the bill of rights that the accused shall not “be twice put in jeopardy for the same offense.” In view of that-immunity it has been, and is, regarded as the established law that one who has been tried upon an indictment or information and acquitted cannot be again tried for the same offense although his acquittal resulted from erroneous decisions upon the trial.
It is true that from the adoption of the present constitution until April 17, 1896, the circuit court and its predecessor, the district court, had jurisdiction *8 to reverse a judgment of the court of common pleas adverse to a person accused of a crime or misdemeanor upon the petition in error of such person, and. that there was no jurisdiction in this court to review such judgment of reversal by the circuit court. But on the day lastly named the legislature enacted section 7306a. of the Revised statutes. Its material provisions are “Whenever after a conviction of any crime, misdemeanor or violation of a city ordinance in any court inferior to the circuit court such con-, viction may be reversed by the circuit court; in each and all of such cases the attorney representing the state may take proceedings in error in the Supreme Court to reverse the order of reversal in the circuit court, * * * and like proceedings shall be had in the Supreme Court at the hearing of the petition in error as in other cases. * * *.” It is by the authority of this section that the present petition in error is filed in this court. By the plain terms of the section this court, being of the opinion that the circuit court erred in its judgment of reversal, should reverse that judgment and affirm the judgment which it erroneously reversed. To this section, thus construed, there is no valid objection on constitutional grounds. The constitution does not confer upon one convicted and sentenced for crime the right to have the judgment reviewed by any court. The jurisdiction of the circuit court in that regard is conferred by statute pursuant to the provisions of the sixth section of the fourth article of the constitution that “the circuit court shall have like original jurisdiction with the Supreme Court, and such appellate jurisdiction as may be provided by law.” Whether there shall be. a review of a conviction is thus submitted to the discretion of the legislature. Not being required to *9 confer the right to prosecute error in the circuit court, the legislature may confer it subject to any condition which it sees fit to annex. By the act of April 17, .1896 (section 7306», Revised Statutes), it has annexed the condition that a judgment of reversal in such case improperly rendered in the circuit court may be reversed here and the judgment of the common pleas court affirmed. It follows that the judgment of the circuit court must be reversed and that of the court of common pleas affirmed, and that the cause will be remanded-to the court of common pleas with instructions to carry its sentence into execution.

Judgment accordingly.

Minshall, C. J., Williams, Speak and Davis, JJ., concur. Burket, J., dissents as to the first proposition of the syllabus and concurs as to the second.